UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

STACY PARTIN                                                                                                    PETITIONER

v.                                                                                  CIVIL ACTION NO. 5:09CV-P138-R

WARDEN TOM SIMPSON                                                                                          RESPONDENT

## MEMORANDUM AND ORDER

Petitioner Stacy Partin filed a *pro se* Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment (DN 35).  Respondent filed a response (DN 36), and Petitioner filed a reply (DN 39).  This matter is ripe for consideration.  For the reasons set forth herein, one of Petitioner's Rule 60(b) claims will be denied and the remainder of his Rule 60(b) claims will be transferred to the Sixth Circuit Court of Appeals as second or successive § 2254 claims.

### I.

The Court must first determine whether the Rule 60(b) motion is truly a Rule 60(b) motion for relief from judgment or, effectively, a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed the issue of whether Rule 60(b) motions filed in habeas proceedings under 28 U.S.C. § 2254 are subject to the additional restrictions that apply to second or successive petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified at 28 U.S.C. § 2244(b).[1]  The Supreme Court explained that a critical

---

[1]Under § 2244(b):

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made

factor in determining whether a Rule 60(b) motion is actually an unauthorized second or successive habeas petition is whether the motion presents a "claim." *Gonzalez*, 545 U.S. at 530. A claim "is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 533.

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*,[2] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532.

---

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[2]The Supreme Court explained,

The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Gonzalez*, 545 U.S. at 532 n.4 (citations omitted).

2

**II.**

In the § 2254 petition, Petitioner raised nine claims for relief. The matter was referred to a magistrate judge who issued a Report and Recommendation. Thereafter, this Court conducted a *de novo* review of the magistrate judge's report in light of the objections and record as a whole, fully adopted the magistrate judge's Report and Recommendation, denied the § 2254 motion, and denied a certificate of appealability. Petitioner filed an appeal, and by Order filed December 23, 2010, the Sixth Circuit Court of Appeals denied a certificate of appealability. Thereafter, on October 3, 2011, the U.S. Supreme Court denied a petition for writ of certiorari.

In his Rule 60(b)(6) motion, Petitioner challenges the denial of four of his claims–his First, Fourth, Fifth, and Eighth Claims.

*First Claim*

As his First Claim in his habeas petition, Petitioner argued that the trial judge's determination that he would not be permitted personally to cross-examine the victims violated his constitutional right to self-representation. The magistrate judge denied that claim on the merits. Consequently, under *Gonzalez*, Petitioner's Rule 60(b) challenge to the Court's determination is a second or successive habeas claim.

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2254 petition is filed in the district court, a petitioner must seek authorization from the appropriate court of appeals for the district court to consider the petition. In the instant case, Petitioner failed to obtain authorization from the Sixth Circuit prior to filing the instant motion. The Court, therefore, will transfer the Rule 60(b) motion as related to the First Claim to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or

3

successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

### *Fourth Claim*

As the Fourth Claim in the petition, Petitioner alleged that his Sixth Amendment right to counsel was violated where the trial court refused to allow counsel to withdraw despite a conflict of interest, and the hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), on his co-counsel request was improper and rendered his waiver of counsel ineffective. On review of the habeas petition, the magistrate judge concluded that Petitioner did not raise this issue on direct appeal or in his RCr 11.42 motion and, thus, that the claim was procedurally defaulted and not properly before the Court.

In the Rule 60(b) motion, Petitioner contends that "'extraordinary circumstances' exist in [his] case which justify relief and which originated on Direct Appeal." He states that "Due to Appellate counsels extreme incompetance, the Kentucky Supreme Court rendered an opinion based on adjudication of <u>inapplicable issues</u> and <u>incorrect factual information</u>. This Federal District Court deferred to that faulty, erroneous opinion and embraced the same inapplicable issues and legal authority." Petitioner claims that "the finding that he asserted his right under the 6th amendment to represent himself and waived his right to counsel is certainly clear error" and that the Court "wrongly placed procedural bar on the very issue that proves he was not pro se – Ground #4 – violation of 6th Amendment right to counsel." Petitioner contends that the procedural bar was improper as the ineffective assistance of counsel claims in his RCR 11.42 motion (claims #10, #11, and #12) are "'obviously closely related' to his Ground #4, involving same evidence and legal analysis and, thus, Ground #4 was fairly presented."

Petitioner is directly challenging the Court's prior finding of procedural default, which precluded an on-the-merits determination of his Fourth Claim. Such a challenge is not a habeas claim as defined in *Gonzalez*. The Court, therefore, will address Petitioner's Rule 60(b)(6) procedural-default argument.

Rule 60(b)(6) allows a court to relieve a party from final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6), however, applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b)."[3] *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "Moreover, the exceptional circumstances under Rule 60(b)(6) require 'unusual and extreme situations where principles of equity *mandate* relief.'" *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d at 365).

Upon consideration, the Court concludes that Petitioner is merely attempting to reargue a previously raised and denied claim. Following the magistrate judge's conclusion that the Fourth Claim was procedurally barred, Petitioner filed objections raising the same challenge to that determination that he raises in the Rule 60(b)(6) motion. Following *de novo* review of the magistrate judge's Report and Recommendation in light of Petitioner's objections, this Court agreed with the magistrate judge's determination, adopted his Report and Recommendation, and denied the petition and a certificate of appealability. Thereafter, upon motion by Petitioner, the

---

[3] The first five subsections of Rule 60(b) are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

5

Sixth Circuit also denied a certificate of appealability finding that jurists of reason would not find it debatable whether this Court was correct in its procedural-default rulings.[4] Petitioner's Fourth Claim has been fully considered, and the Court finds no exceptional and extraordinary circumstances entitling him to relief. The Court, therefore, will deny the Rule 60(b)(6) motion as to this claim.

### *Fifth Claim*

In his petition, Petitioner alleged that his Sixth Amendment right to effective assistance of counsel was violated. The magistrate judge addressed this claim on the merits. Under *Gonzalez*, Petitioner's challenge to that decision is a second or successive habeas claim and will be transferred to the Sixth Circuit Court of Appeals.

### *Eighth Claim*

The Eighth Claim pertains to the sentencing phase. In the petition, Petitioner alleged that due process was violated when his co-counsel abandoned him during the sentencing phase of trial and that the Eighth Amendment was offended when he received a life sentence which was grossly disproportionate to the severity of his crimes. The magistrate judge concluded that Petitioner's Eighth Claim was not presented to the state court and, therefore, not properly before the Court. Additionally, however, the magistrate judge concluded that the due process claim appeared to be without merit because Petitioner chose to represent himself at trial and the Eighth Amendment was not offended as the state was justified in punishing Petitioner, a persistent felony offender, more severely. Thus, even though the Eighth Claim was procedurally barred, it

---

[4] The Sixth Circuit also indicated that "[n]o clearly established Supreme Court precedent required a *Faretta* hearing under these circumstances, where Partin requested to act as co-counsel" (DN 32).

was also addressed on the merits. Petitioner's challenge to the Eighth Claim, therefore, is a second or successive habeas claim and will be transferred to the Sixth Circuit Court of Appeals.

### III. ORDER

For the reasons set forth more fully above, and being otherwise sufficiently advised,

**IT IS ORDERED** that the Rule 60(b)(6) motion (DN 35) as relates to Petitioner's Fourth Claim is **DENIED**. The Court is satisfied that no jurists of reason would find its decision to deny Petitioner's motion to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Accordingly, **IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **DENIED** as to Petitioner's Fourth Claim.

**IT IS ORDERED** that the Rule 60(b) motion (DN 35) with respect to Petitioner's First, Fifth, and Eighth Claims is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as second or successive § 2254 habeas claims.

Date:

cc:      Petitioner, *pro se*
         Counsel of Record
4413.005